UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

STATE TREASURER,

        Plaintiff,

                                  Case Number 06-10130-BC

v.                                 Honorable David M. Lawson

TIMOTHY E. SPRAGUE,

        Defendant.

_____/

## ORDER GRANTING PLAINTIFF'S MOTION TO REMAND AND REMANDING CASE TO BAY COUNTY, MICHIGAN CIRCUIT COURT

Plaintiff State Treasurer of Michigan filed this lawsuit in the Bay County, Michigan circuit court pursuant to the State Correctional Facility Reimbursement Act (SCFRA), Mich. Comp. Laws § 800.401, *et seq.*, seeking reimbursement from the defendant, Timothy E. Sprague, for the costs of his incarceration. The defendant removed the case to this Court, alleging that a substantial federal question exists under the civil enforcement and preemption provisions of the Employee Retirement Income Security Act (ERISA), 29 U.S.C. §§ 1132(a)(1)(B) & 1144(a). Thereafter, the Court issued an order directing the defendant to show cause why the case should not be remanded to state court. The plaintiff also filed a motion to remand. The Court finds that the action does not arise under federal law for the reasons discussed below. The case, therefore, will be remanded to the Bay County circuit court.

In *Michigan Department of Treasury v. Michalec*, 181 F. Supp. 2d 731 (E.D. Mich. 2002), this Court considered a case in which the identical jurisdictional issue was raised. The Court noted that a party seeking removal under 28 U.S.C. § 1441(b) must show that the claim "arises under" federal law, and that cases that are removed only on the basis of federal defenses – such as the

defense of preemption – "even if the defense is anticipated in the plaintiff's complaint, and even if

both parties concede that the federal defense is the only question truly at issue," do not satisfy the

removal statute's requirement. *Michalec*, 181 F. Supp. 2d at 734 (quoting *Caterpillar Inc. v.*

*Williams*, 482 U.S. 386, 393 (1987)). The doctrine of complete preemption, invoked in very limited

circumstances, *cf. Loftis v. United Parcel Service, Inc.*, 342 F.3d 509, 515 (6th Cir. 2003), may result

in an ersatz state law claim being deemed a federal cause of action and thus removable to federal

court. But in the context of ERISA, complete preemption occurs only when the action "is equivalent

to a civil enforcement action under 29 U.S.C. § 1132(a)(1)(B)." *Michalec*, 181 F. Supp. 2d at 735.

Since the State's claim in that case sought a redirection of the benefits but not a determination of the

right to benefits under the pension plan, it implicated ERISA's anti-alienation provision, but it was

not the equivalent of an enforcement action. This Court held, therefore, that "although the plaintiff's

claim under SCFRA is preempted by ERISA and accordingly it must fail, it is not *completely*

preempted by ERISA and thus not removable. Removal was improper and remand is therefore

appropriate." *Michalec*, 181 F. Supp. 2d at 736 (emphasis in original).

This Court further noted that

[b]oth this Court and the Michigan Court of Appeals have held that where the state utilizes SCFRA to effectively compel an assignment of pension plan benefits, as the state attempts here, SCFRA is preempted by ERISA. *See Roberts v. Baugh*, 986 F. Supp. 1074 (E.D. Mich. 1997), *State Treasurer v. Abbott*, ___ Mich. App. ___, No. 223567, 2001 WL 1666045, at *3 (Mich. Ct. App. Dec. 28, 2001). In *Abbott*, the court held that "requiring General Motors to make defendant's pension payment to defendant's prison account against defendant's will conflicts with, and is therefore preempted by, ERISA's anti-alienation provision." *Id. See* 29 U.S.C. § 1056(d)(1).

However, the plaintiff is not the "participant or beneficiary" of the plan. In addition, although the plaintiff is seeking payment from the plan, it is not "recover[ing] benefits due to [it]," "enforc[ing][its] rights," or "clarify [ing][its] rights to future benefits" under the terms of the plan. Indeed, the plaintiff in this case has no rights

under the plan whatsoever despite the fact that its claim nonetheless "relates to" the
plan.

*Id.* at 735-36.  Although the Supreme Court of Michigan has since reversed *Abbott*, *see State
Treasurer v. Abbott*, 468 Mich. 143, 660 N.W.2d 714 (2003), based on questionable reasoning, the
jurisdictional issue remains unchanged.

The defendant nonetheless asserts that despite this Court's holding in *Michalec*, his case may
proceed in federal court.  His argument appears to be that a state treasurer or warden – the named
plaintiff in *this* case – is a "person" as contemplated by ERISA, and therefore this case is
distinguishable from *Michalec*, in which a state agency was the plaintiff.  That argument, however,
is unpersuasive.  Although "the State Treasurer," not the "Michigan Department of Treasury" as in
*Michalec*, brought the instant action, the plaintiff here did so in an official capacity.  It is well settled
that a suit brought in a person's official capacity as an agency head is a suit in the name of the
department itself.  *See e.g. Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 690 n. 55
(1978) (observing that "[o]fficial capacity suits . . . represent only another way of pleading an action
against an entity of which an officer is an agent").  The distinction upon which the defendant relies
is one without a difference.  The *Michalec* reasoning applies here with equal force.

The defendant also cites to Justice Scalia's concurrence in  *Firestone Tire & Rubber Co. v.
Bruch*, 489 U.S. 101, 119 (1989), for the proposition that a state treasurer or warden may *become*
a beneficiary for purposes of ERISA, *see* 29 U.S.C. § 1132, thereby preempting state law. Contrary
to the defendant's contention, Justice Scalia's concurrence dealt with individuals who will be
entitled to benefits by "by acquiring, in the future, the same characteristic of eligibility that someone
who 'is' eligible now possesses."  *Ibid.*  That is, the future beneficiary must become eligible
according to the terms of the plan.  That observation, however, has no impact on the question of

complete preemption in this case, since the State does not claim an entitlement to benefits under the terms of the defendant's pension plan, nor does it suggest that it will become so.  Rather, this suit is the equivalent of a garnishment action seeking redirection of the payments so that the State may attach and seize them.

Finally, the defendant characterizes the plaintiff's actions as a "seizure" of his pension benefits constituting a forced alienation of his pension.  He then reasons that the supreme court's decision in *Abbott* stands for the proposition that "Plaintiff is a beneficiary to a prisoner's pension benefit plan." Def.'s Resp. Br. at 9.  Although the first part of the defendant's argument is sound, his deduction does not necessarily follow from it.  In *Abbott*, the state supreme court merely confounded the concepts of forced application of funds from a pension source (which violates ERISA's anti-alienation provision) with a creditor's right to garnish a judgement debtor's established accounts and seize funds irrespective of their original source (which does not).  In holding that a court-ordered redirection of pension benefits to an account readily accessible by the State does not amount to a seizure or garnishment of those funds or effectuates an "assignment," the *Abbott* court manifestly misapplied  29 U.S.C. § 1056(d)(1), which states that "[e]ach pension plan shall provide that benefits provided under the plan may not be assigned or alienated," and 26 C.F.R. § 1.401(a)-13(c)(ii), which defines "assignment and alienation" as "[a]ny direct *or indirect* arrangement . . . whereby a party acquires from a participant or beneficiary a right or interest enforceable against the plan in, or to, all or any part of a plan benefit payment which is, or may become, payable to the participant or beneficiary." (Emphasis added.)  But that misinterpretation does not transform the State into a plan beneficiary; nor does the plaintiff here claim entitlement to the defendant's pension payments as a beneficiary or by virtue of the plan's terms.  Therefore, the

-4-

present action cannot be viewed as the equivalent of a civil enforcement action under 29 U.S.C. §

1132(a)(1)(B).

Because, as in *Michalec*, the plaintiff's claim is not completely preempted by ERISA, the

Court will remand the case.

Accordingly, it is **ORDERED** that plaintiff's motion to remand [dkt # 3] is **GRANTED**.

It is further **ORDERED** that this case is **REMANDED** to the Bay County, Michigan circuit

court for further proceedings.

s/David M. Lawson
DAVID M. LAWSON
United States District Judge

Dated: July 14, 2006

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on July 14, 2006.

s/Tracy A. Jacobs
TRACY A. JACOBS

---